IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HOLLY NJOKU, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:22-cv-00406 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| HARRIS COUNTY HOSPITAL DISTRICT d/b/a | § | |
| HARRIS HEALTH SYSTEM, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff Holly Njoku ("Plaintiff" or "Njoku") now files this Complaint against Defendant

Harris County Hospital District d/b/a Harris Health System ("Defendant" or "Harris Health

System"). In support, Plaintiff states as follows:

### PARTIES

1. Plaintiff Holly Njoku is a citizen of the United States and a resident of Richmond,

Texas.

2. Defendant Harris County Hospital District d/b/a Harris Health System is a political

subdivision of the state of Texas. It may be served with process by serving Harris County

Attorney's Office, c/o Managing Attorney Christian D. Menefee, located at 4800 Fournace Place,

6th Floor East, Bellaire, Texas 77401, or as may otherwise be permitted under Rule 4 of the Federal

Rules of Civil Procedure and/or the Texas long-arm statute.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims described in this

Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

4. This Court has personal jurisdiction over Defendants because they have

continuously and systematically performed a substantial amount of business within the state of

Texas and, moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over the Defendants.

5. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendants occurred in this district.

<u>**FACTS**</u>

6. Plaintiff began working at Harris Health System on or around November 11, 2013. At all relevant times, Plaintiff was an Inpatient Clinical Pharmacist at Ben Taub Hospital.

7. Plaintiff is an African American female.

8. Plaintiff has disabilities, including anxiety, depression, and narcolepsy. Plaintiff also suffers from panic attacks. These impairments substantially limit more than one daily life activity.

9. Regardless of these disabilities, Plaintiff was still qualified to perform the essential functions of her job as an Inpatient Clinical Pharmacist.

10. On or around September 9, 2021, Plaintiff requested reasonable accommodations for her disabilities, resulting in Harris Health System placing her on FMLA/ADA leave from June 14, 2021, through September 24, 2021.

11. Plaintiff also made requests for certain reasonable accommodations, including the ability to take breaks as needed and avoid working in small spaces to avoid panic attacks.

12. On or about September 20, 2021, Plaintiff sent an email to Brittney Deans, Ashley Gibson, and Angela Harris in Human resources to provide a note from her medical care provider releasing her to return to work.

13. On or about September 27, 2021, Ms. Harris and Ms. Gibson called Plaintiff and asked if she had been released to return to work, to which Plaintiff informed them that she had already sent an email about her return to work with a request for reasonable accommodations. Ms. Gibson stated that she would start working on Plaintiff's request.

14. As another option for accommodation and to engage in the interactive process, Plaintiff also requested reassignment to a day-shift position in case the intermittent breaks and time off would have been burdensome.

15. On or around October 1, 2021, Plaintiff reached out to Christopher Jones in Human Resources to request an internal job posting process for internal candidates, but Mr. Jones spurned her request and said that she could apply for an opening while on leave if her provider gave her clearance.

16. On or about October 13, 2021, Ms. Gibson contacted Plaintiff to inform her that her requests were deemed unreasonable and that she would have to remain on leave.

17. After being denied reasonable accommodation and the opportunity for a promotion or transfer, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around October 28, 2021.

18. After filing the EEOC Charge, Plaintiff amended her EEOC Charge and also complained of instances that she reasonably believed to be unlawful discrimination and harassment with regard to her race, pregnancy, and gender.

19. On September 1, 2022, the EEOC issued a Right to Sue letter for Plaintiff's EEOC Charge that she filed in October of 2021.

20. On or about September 21, 2022, within three weeks of the EEOC issuing this Right to Sue Letter and shortly after receiving notice that Plaintiff's EEOC Charge was being closed,

Harris Health fired Plaintiff.

21. Instead of making an attempt to engage in the interactive process and provide Plaintiff with reasonable accommodation or consider her for a promotion or reassignment, Harris Health System lay in wait for the opportune time to terminate Plaintiff to avoid it being submitted to the EEOC with the investigation that had been going on since October of 2021.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

22. On or about October 28, 2021, Plaintiff timely filed a charge of discrimination (Charge No. 460-2022-00194) with the EEOC and the Texas Workforce Commission Civil Rights Division for her claims of discrimination and retaliation.

23. The EEOC issued Plaintiff a right to sue letter on or about September 1, 2022.

24. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

25. Based on the foregoing, Plaintiff has exhausted all administrative remedies required under Title VII and the ADA for the claims arising from the first EEOC Charge.

26. On November 11, 2022, Plaintiff filed a separate EEOC Charge for Title VII and ADA retaliation based on her termination that occurred on September 21, 2022.[1]

**FIRST CAUSE OF ACTION (DISABILITY DISCRIMINATION)**

27. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

28. Plaintiff is a qualified individual with disabilities within the meaning of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA").

29. Plaintiff was qualified for her position regardless of her disabilities.

---

[1] Plaintiff intends to amend her complaint at the conclusion of her second EEOC Charge investigation out of an abundance of caution.

4

30. Defendant failed to engage in the interactive process of providing Plaintiff with reasonable accommodations.

31. Defendant also overlooked Plaintiff for promotional opportunities because of her disabilities.

32. Plaintiff suffered an adverse employment action when she was terminated on September 21, 2022, rather than being reassigned or promoted.

33. Such conduct violates the ADA.

34. Plaintiff has been damaged by the discrimination against her.

**SECOND CAUSE OF ACTION (TITLE VII RETALIATION)**

35. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

36. Plaintiff engaged in a protected activity under Title VII by opposing unlawful employment practices when filed an EEOC Charge in October of 2021.

37. Plaintiff suffered a materially adverse employment action when she was terminated on September 21, 2022, shortly after her EEOC Charge was closed.

38. There is a causal link between Plaintiff's protected activity under Title VII and the materially adverse employment action.

39. Had Plaintiff not complained filed an EEOC Charge in October of 2021 and complained of what she reasonably believed to be race, gender, and national origin discrimination, she would not have been terminated.

40. Such conduct violates Title VII's anti-retaliation provision.

41. Defendant's violation of Title VII has caused Plaintiff damage.

42. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

## THIRD CAUSE OF ACTION (ADA RETALIATION)

43. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

44. Plaintiff engaged in a protected activity under the ADA by opposing what she reasonably believed to be unlawful employment practices through filing an EEOC Charge in October of 2021.

45. Plaintiff suffered a materially adverse employment action when she was terminated on September 21, 2022, shortly after her first EEOC Charge was closed.

46. There is a causal link between Plaintiff's protected activity under the ADA and the materially adverse employment action.

47. Had Plaintiff not filed an EEOC Charge in October of 2021 and complained of what she reasonably believed to be disability discrimination and Defendant failing to accommodate, she would not have been terminated.

48. Such conduct violates the ADA's anti-retaliation provision.

## ATTORNEYS' FEES

49. If Plaintiff prevails, she is entitled to an award of reasonable and necessary attorney's fees.

## JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

## PRAYER FOR RELIEF

Plaintiff hereby prays that Defendant be cited to appear and that, upon trial, the Court enter a judgment in her favor for the following:

a) Back pay;
b) Compensatory damages;
c) Punitive damages;
d) Injunctive relief in the form of reinstating Plaintiff;

e) Reinstatement and/or front pay;
f) Taxable court costs;
g) Exemplary damages;
h) Attorney's fees; and
i) Such other and further relief to which she may show herself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone:  (713) 400-6173
Facsimile:  (713) 583-8380
Email:  connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***