United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| HOLLY NJOKU, § § | |
| Plaintiff. § § | |
| V. § | CIVIL ACTION NO. 3:22-cv-00406 |
| § | |
| HARRIS COUNTY HOSPITAL DISTRICT, § § § | |
| Defendant. § | |

## OPINION AND ORDER

This is an employment discrimination case brought by Plaintiff Holly Njoku ("Njoku") against Defendant Harris County Hospital District d/b/a Harris Health System ("Harris Health"). In its answer, Harris Health provides a laundry list of affirmative defenses. *See* Dkt. 12. Pending before me is Plaintiff's Motion for Partial Summary Judgment on Defendant['s] Affirmative Defenses and/or Motion for Judgment on the Pleadings. Dkt. 21. In that motion, Njoku argues that Harris Health has failed to sufficiently allege or provide evidence supporting two of those affirmative defenses—failure to exhaust administrative remedies and failure to mitigate damages.

## LEGAL STANDARD

**A.   PLEADING STANDARD FOR AFFIRMATIVE DEFENSES**

Federal Rule of Civil Procedure 12(c) permits parties to obtain a judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). Although Njoku characterizes her motion as proceeding under Rule 12(c), "a motion to strike defenses under Rule 12(f) is more appropriate when a plaintiff disputes the sufficiency of some of a defendant's defenses." *Franks v. Tyhan, Inc.*, No. H-15-191, 2016 WL 1531752, at *2 (S.D. Tex. Apr. 15, 2016); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1369 (3d ed. 2008) ("If a plaintiff seeks to dispute the legal sufficiency of fewer

than all of the defenses raised in the defendant's pleading, he should proceed under Rule 12(f) rather than under Rule 12(c) because the latter leads to the entry of a judgment."). I will, therefore, construe Njoku's Rule 12(c) motion as a Rule 12(f) motion to strike. *See Franks*, 2016 WL 1531752, at *2 (construing a motion to dismiss affirmative defenses under Rule 12(c) as a motion to strike under Rule 12(f)). Under Rule 12(f), a district court may, at its discretion, "strike from a pleading an insufficient defense." FED. R. CIV. P. 12(f).

A defendant responding to a lawsuit must "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any . . . affirmative defense[s]." FED. R. CIV. P. 8(b)(1)(A), (c)(1). In 1999, the Fifth Circuit held that a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The United States Supreme Court issued its seminal opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the following decade, establishing that a plaintiff seeking to avoid dismissal must plead "enough facts to a state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To date, the Fifth Circuit has not addressed whether *Twombly* and *Iqbal* effectively overruled *Woodfield*, leaving unsettled the pleading standard a district court should apply to affirmative defenses. Does the heightened pleading standard established by *Twombly* and *Iqbal* apply to affirmative defenses, or will simple notice pleading suffice?

Before he was elevated to the Fifth Circuit, Judge Gregg Costa noted that there are four compelling reasons in the aftermath of the *Twombly* and *Iqbal* decisions for applying the "fair notice" pleading standard to affirmative defenses:

> First, *Iqbal* and *Twombly* interpreted the text of Rule 8(a)(2), which requires a statement "showing the pleader is entitled to relief," which differs from Rule 8(c)'s requirement that the defendant "affirmatively state any avoidance or affirmative defense." Second, a defendant only has 21 days to serve an answer. Third, while a motion to dismiss can resolve a case, thereby avoiding discovery entirely, motions to strike

2

> only prolong pre-discovery motion practice; as such, raising the standard for pleading affirmative defenses would only encourage more motions to strike.
>
> . . . .
>
> [Fourth, the] "insufficient defense" language in Rule 12(f) has traditionally been read to allow challenges to the legal sufficiency of an asserted defense, as opposed to whether the defense contains sufficient factual matter[, as required under Rule 8(a)(2)].

*United States ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418–19 (S.D. Tex. 2014) (Costa, J.) (cleaned up).

As I have previously noted, "[t]he authority in this District also weighs heavily in favor of finding that affirmative defenses are subject to a fair notice pleading standard." *Morgan v. Goodman Mfg. Co.*, No. 4:19-cv-00850, 2021 WL 1169390, at *10 (S.D. Tex. Mar. 10, 2021); *see also Fernandes v. VMOC LLC*, No. H-18-1544, 2018 WL 4901033, at *3 (S.D. Tex. Oct. 9, 2018) ("While complaints must satisfy the *Iqbal* and *Twombly* standard, the defendants' answer must only 'identify the affirmative defense in question and provide notice of its basis.'" (quoting *Woodfield*, 193 F.3d at 362)); *Trevino v. RDL Energy Servs., L.P.*, No. H-14-1936, 2016 WL 11477431, at *4 (S.D. Tex. July 21, 2016) (applying the "fair notice" pleading standard to any affirmative defenses); *T.R.M. v. GlaxoSmithKline LLC*, No. 4:14-cv-00452, 2015 WL 12551485, at *2 (S.D. Tex. Aug. 21, 2015) ("Affirmative defenses are not subject to the heightened pleading requirements stated in [*Twombly*].")). I will not deviate from this line of authority. Harris Health's affirmative defenses need only provide Njoku "enough specificity or factual particularity to give [Njoku] 'fair notice' of the defense that is being advanced." *T.R.M.*, 2015 WL 12551485, at *2 (quotation omitted).

Striking an affirmative defense is rare and warranted only when a defense "cannot, as a matter of law, succeed under any circumstance." *Moody Nat'l CI Grapevine S., L.P. v. TIC Tex. Two 23, L.L.C.*, No. H-19-0711, 2019 WL 5595332, at *2 (S.D. Tex. Oct. 30, 2019) (quotation omitted). In other words, "[a] motion to

strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962). "Merely pleading the name of some affirmative defenses may be sufficient to provide the plaintiff with fair notice." *McNeely v. Trans Union LLC*, No H-18-849, 2019 WL 338127, at *2 (S.D. Tex. Jan. 28, 2019).

**B.    SUMMARY JUDGMENT**

The summary judgment standard is firmly entrenched. A district court should grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In making this assessment, I must view all "evidence and make all reasonable inferences in the light most favorable to [Harris Health]"—the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022).

## ANALYSIS

**A.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

I will start with the affirmative defense for failure to exhaust administrative remedies, which I assume has been pleaded properly. Even so, Harris Health acknowledges that "Njoku exhausted her administrative remedies with respect [to] the claims she has brought in her currently operative complaint." Dkt. 22 at 1. Because there is no genuine issue of material fact on Harris Health's affirmative defense asserting that Njoku failed to exhaust her administrative remedies, I grant summary judgment in favor of Njoku on that affirmative defense.

**B.    FAILURE TO MITIGATE DAMAGES**

Turning to the affirmative defense of failure to mitigate damages, I note that the language contained in Harris Health's answer asserting this defense is relatively spartan. It merely states as follows: "Njoku failed to mitigate, or reasonably attempt to mitigate, her damages, if any, and Harris Health is entitled to an offset in the amount Njoku could have earned after she ceased working for Harris Health." Dkt. 12 at 6.

Having already determined that Harris Health need only provide "fair notice" of an affirmative defense, I conclude that this language satisfies that lenient standard. *See Morgan*, 2021 WL 1169390, at *10 (holding affirmative defense asserting that plaintiff "failed to mitigate his alleged damages" sufficient to provide fair notice); *Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1–2 (S.D. Tex. Mar. 1, 2010) (finding affirmative defense alleging that "[t]he plaintiff has failed to mitigate damages, if any, as required by law" sufficient to provide fair notice). Harris Health has given Njoku sufficient notice as to the nature of the affirmative defense of mitigation and the grounds upon which it rests. The discovery process allows Njoku to peel the onion and learn the specifics behind the affirmative defense. Accordingly, Njoku's request to strike the affirmative defense of mitigation is denied.

Next, I must determine whether there is a genuine issue of material fact concerning the affirmative defense of mitigation. A plaintiff suing under Title VII "has a duty to mitigate her damages by using reasonable diligence to obtain substantially equivalent employment." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998). Harris Health, as the employer, has the burden of proving a failure to mitigate, and may do so by demonstrating that substantially equivalent work was available and that Njoku failed to exercise reasonable diligence to obtain it. *See Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990).

Harris Health argues that it offered Njoku a day-shift position as a Clinical Pharmacist (the exact same position she previously held), but Njoku refused to accept that offer. At her deposition, Njoku testified that she did receive a job offer from Harris Health but rejected that offer because Harris Health would not also award her backpay to which she thought she was entitled. Such evidence demonstrates a genuine dispute of material fact regarding Harris Health's failure to mitigate defense. I thus deny Njoku's motion for summary judgment as to the affirmative defense of mitigation.

5

## CONCLUSION

For the reasons discussed above, Njoku's Motion for Partial Summary Judgment on Defendant['s] Affirmative Defenses and/or Motion for Judgment on the Pleadings (Dkt. 21) is **GRANTED** in part and **DENIED** in part. I grant summary judgment in favor of Njoku on the affirmative defense of failure to exhaust administrative remedies. I deny summary judgment as to the affirmative defense of mitigation.

SIGNED this 2nd day of January 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE